Commonwealth, Appellant, *v.* Wood.
Commonwealth, Appellant, *v.* Utley.

Argued December 10, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, SPAULDING and CERCONE, JJ. (HOFFMAN, J., absent.)

*Stephen B. Harris,* Assistant District Attorney, with him *Ward F. Clark,* District Attorney, for appellant.

*Harold B. Vikoren,* Assistant Public Defender, for appellees.

OPINION BY WATKINS, J., March 23, 1971:

These appeals have been taken by the Commonwealth of Pennsylvania from orders of the Court of Common Pleas, of Bucks County. The appeals were consolidated for argument by this Court and shall be disposed of by one opinion.

Defendants, Edward John Wood and Eugene Stanford Thompson, together with another person, not a party to these appeals, were arrested for armed robbery of a gasoline station in Bristol Township, Bucks County. William Utley, was arrested for burglary, larceny and receiving stolen goods in Newtown Township, Bucks County.

In both cases, the defendants after having been warned of their constitutional rights from a card supplied by the District Attorney of Bucks County, gave written statements concerning their respective offenses. Suppression hearings were held in both cases and in the case of Wood and Thompson, the court initially refused to suppress the statements and they were offered at trial which resulted in verdicts of guilty on all charges. After argument on post-trial motions, the court en banc overruled the hearing judge in the suppression hearing and granted a new trial and ordered the statements suppressed from which order the Commonwealth has appealed.

In the case of Utley, the court after the suppression hearing ordered the statements suppressed from which order the Commonwealth has appealed. The basis for the orders in all cases was that the defendants were not adequately informed of their right to *free* counsel.

Prior to questioning any of the defendants, **the** police officers read the following warning from a printed card:

"ORAL WARNING TO BE GIVEN TO A SUBJECT PRIOR TO ORAL INTERROGATION

"We have a duty to explain to you and to warn you that you have the following legal rights:

A. You have a right to remain silent and do not have to say anything at all.

B. Anything you say can and will be used against you in court.

C. You have a right to talk to a lawyer of your own choice before we ask you any questions, and also to have a lawyer here with you while we ask questions.

D. If you cannot afford to hire a lawyer, and you want one, we will see that you have a lawyer provided to you, before we ask you any questions.

E. If you are willing to give us a statement, you have a right to stop any time you wish."

Prior to the taking of the statement in each case, the officer read and inserted the following questions:

"WRITTEN WARNING FOR STATEMENTS

Q. Do you understand that you have a right to keep quiet, and do not have to say anything at all?

Q. Do you understand that anything you say can and will be used against you?

Q. Do you want to remain silent?

Q. Do you understand that you have a right to talk with a lawyer before we ask you any questions?

Q. Do you understand that if you can not afford to hire a lawyer and you want one, we will not ask you any questions until a lawyer is appointed for you?

Q. Do you want either to talk with a lawyer at this time, or to have a lawyer with you while we ask you questions?

Q. Are you willing to answer questions of your own free will, without force or fear, and without any threats or promises having been made to you?"

When Wood was about to give his statement police officers slightly amended the written question and inserted the following: "Do you understand that if you cannot afford a lawyer at this time, and you want one, we will not ask any questions until the Court appoints one?"

The court below felt that these statements did not adequately convey to the defendants their right to free counsel.

With this finding of the court below we cannot agree.

The Supreme Court case of *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966), dictates no requirement that the words "free counsel" must be included in the warning given to an accused. Furthermore, there are no Pennsylvania cases which require the use of the phrase "free counsel" as such. We have not yet come to the point where an arresting officer must assume that all accused are both indigent and morons and language which is both clear and unambiguous, using words in everyday use by persons of every level of intelligence, should be sufficient to meet the requirements of the law.

The warnings given in the above cases both prior to oral questioning and taking of the statements, certainly conveyed to the accused their right to counsel in the event that they could not afford to hire private counsel.

The order of the court granting a new trial in the case of Wood and Thompson is hereby reversed and the defendants are directed to appear before the court for sentencing. The order suppressing the statement in the case of Utley is hereby reversed with a procedendo.

JACOBS, J., concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.